CLOSED

# United States District Court
# Eastern District of Pennsylvania (Philadelphia)
# CRIMINAL DOCKET FOR CASE #: 2:22-mj-00552-1

Case title: USA v. WILCOX

Date Filed: 04/01/2022

Date Terminated: 04/11/2022

Assigned to: Unassigned

**Defendant (1)**

MICHAEL WILCOX
*TERMINATED: 04/11/2022*

represented by  KATHLEEN M. GAUGHAN
FEDERAL DEFENDERS OFFICE
601 WALNUT STREET
SUITE 540
PHILADELPHIA, PA 19106
215-928-1100
Email: kathleen_gaughan@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

MARANNA J. MEEHAN
DEFENDER ASSOCIATION OF PHILADELPHIA
SUITE 540 W, THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106
215-928-1100
Fax: 215-928-1112
Email: maranna_meehan@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

MARK T. WILSON
DEFENDER ASSOCIATION OF PHILADELPHIA
SUITE 540 W, THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106
215-928-1100
Fax: 215-928-1112
Email: mark_wilson@fd.org

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:2252A(a)(2) - DISTRIBUTION OF CHILD PORNOGRAPHY; 18:2252A(a)(1) - TRANSPORTATION OF CHILD PORNOGRAPHY; 18:2 - AIDING AND ABETTING | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **PRIYA T. DESOUZA**<br>DOJ - USAO<br>615 CHESNUT ST SUITE 1250<br>PHILADELPHIA, PA 19106<br>215-861-8344<br>Email: priya.desouza@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney* |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/31/2022 | | Arrest (Rule 40) of MICHAEL WILCOX (tomg) (Entered: 04/04/2022) |
| 04/01/2022 | 1 | Minute Entry for proceedings held before MAGISTRATE JUDGE DAVID R. STRAWBRIDGE: Initial Appearance in Rule 5(c)(3) Proceedings as to MICHAEL WILCOX held on 4/1/2022. The Govt's motion for temporary detention is granted. A detention, identity, status of counsel and probable cause hearing are scheduled for Tuesday, 4/5/2022 before Judge Wells. Signed by United States Magistrate Judge David R. Strawbridge. Court Reporter: ESR.(tomg) (Entered: 04/04/2022) |
| 04/06/2022 | 2 | MOTION for PRETRIAL DETENTION *[Government's Motion For Pretrial Detention, Proposed Pretrial Detention Order and CERTIFICATE OF SERVICE]* by USA as to |

| | | |
|---|---|---|
| | | MICHAEL WILCOX. (DESOUZA, PRIYA) (Entered: 04/06/2022) |
| 04/06/2022 | 3 | Minute Entry for proceedings held before MAGISTRATE JUDGE CAROL SANDRA MOORE WELLS: REMOVAL as to MICHAEL WILCOX held on 4/5/2022. Defense stipulates to identity and probable cause. Detention hearing scheduled for April 8, 2022. Signed by United States Magistrate Judge Carol Sandra Moore Wells. Court Reporter: ESR. (ems) (Entered: 04/06/2022) |
| 04/11/2022 | 4 | Minute Entry for proceedings held before MAGISTRATE JUDGE CAROL SANDRA MOORE WELLS: REMOVAL as to MICHAEL WILCOX held on 4/8/2022. Defense stipulates to detention pending removal to the District of New Hampshire. Signed by United States Magistrate Judge Carol Sandra Moore Wells. Court Reporter: ESR. (ems) (Entered: 04/11/2022) |
| 04/11/2022 | 5 | SEALED CJA 23 Financial Affidavit by MICHAEL WILCOX. (FILED UNDER SEAL) (ems) (ems). (Entered: 04/11/2022) |
| 04/11/2022 | 6 | FINDINGS AND ORDER OF REMOVAL AS TO MICHAEL WILCOX THAT THE DEFENDANT IN THE ABOVE-CAPTIONED CASE BE REMOVED TO THE DISTRICT OF NEW HAMPSHIRE, AND THE CLERK OF COURT TRANSMIT THE ORIGINAL RECORD TO SAID DISTRICT. Signed by MAGISTRATE JUDGE CAROL SANDRA MOORE WELLS on 4/8/2022. 4/11/2022 Entered and Copies E-Mailed. (ems) (Entered: 04/11/2022) |
| 04/13/2022 | | ***Transferred Case as to MICHAEL WILCOX to the District of New Hampshire. (ap) (Entered: 04/13/2022) |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NOs. 22-MJ-552 EDPA; <br> 22-MJ-46 D-NH |
| MICHAEL WILCOX | : | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

The defendant is charged by a complaint issued out of the District of New Hampshire with distributing child pornography, and aiding and abetting the transportation of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1), 2252A(a)(2), and 2.  When he was arrested in Philadelphia, he was found living in an apartment that appeared to be without heat or running water.  According to his landlord, the defendant has not paid rent in at least three months.  He has no legitimate employment, and his sole source of income appears to be selling child pornography online.  He has no ties to the District of New Hampshire and no motor vehicle to get to New Hampshire.  The penalties for these very serious federal offenses call for a five-year mandatory minimum on each count, and Guidelines estimated to be in the 20-year range.  For all of these reasons, the defendant poses a serious risk of nonappearance in the event of his release.

Furthermore, the defendant is a clear danger to the community.  In his chats with the undercover in this case, the defendant expressed in graphic detail a desire to "rape" and have "rough" sex with the undercover's eight-year-old daughter, stating "It's probably gonna hurt her. . . is that ok[?] . . . Like if she cries are u gonna make me stop?"  These statements, coupled with the nature of the case, the defendant's troubling criminal history, and the defendant's substance abuse history establish that the defendant is an extreme danger to the community.

Because no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and detention of the defendant pending his removal to the District of New Hampshire.

I.      **THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

Beginning in January 2022 and continuing through March 2022, the defendant engaged in numerous sexually graphic chats with an undercover law enforcement officer on various messaging platforms, including Kik, Wickr, and WhatsApp. The chats centered on sexual abuse and exploitation of children and included dissemination by the defendant of images and videos of child pornography. On several occasions, the defendant sent child pornographic images and videos "for free." On other occasions, in exchange for money sent to the defendant via CashApp, the defendant sold the undercover links to online cloud-storage folders containing images and videos of child pornography. Upon his arrest pursuant to a criminal complaint, the defendant made admissions to agents which confirmed that he was the individual communicating with the undercover.

There are no conditions of release that will adequately ensure the safety of the community in this case and the defendant's appearance in New Hampshire. Accordingly, the defendant should be detained pending removal from this jurisdiction and trial in New Hampshire.

Where, as here, the Court is required to hold a detention hearing, *see* 18 U.S.C. § 3142(f)(1)(A), the Court must weigh several factors to determine whether there are conditions of

release that will both reasonably assure the appearance of the defendant and will assure the safety of the community. There are several factors that must be considered when making this determination.

First and foremost, because the crime involves the sexual exploitation and abuse of children, there exists a rebuttal presumption that the defendant should be detained. 18 U.S.C. § 3142(e)(3)(E).

The court should also examine the "nature and circumstances of the offense charged, including whether the offense… involves a minor victim" *Id.* § 3142(g)(1). The court must look at the "weight of the evidence against the person." *Id.* § 3142(g)(2). Next, the court must examine the history and characteristics of the defendant. *Id.* § 3142(g)(3). Finally, the court must weigh "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g)(4).

In this case, the defendant cannot overcome the statutory presumption demanding his continued detention pending his transfer to the District of New Hampshire, and the remaining factors likewise weigh in favor of detention.

    A.    **<u>Probable Cause And The Evidence In This Case</u>**

    1.    There is probable cause to believe that the defendant has violated Title 18, United States Code, Sections 2252A(a)(1), 2252A(a)(2), and 2, distribution of child pornography and aiding and abetting the transportation of child pornography. These charges give rise to a rebuttable presumption in favor of detention. 18 U.S.C. § 3142(e)(3)(E).

    2.    The evidence in this case is strong and includes:

      a.      Subscriber information associated with the Kik, Wickr, and WhatsApp accounts used to communicate with the undercover, which are linked to the defendant.

      b.      Subscriber information for the CashApp account through which the target received payment, which is linked to the defendant.

      c.      A selfie-style photograph of the defendant sent to the undercover in the course of their chats.

      d.      A voluntary post-arrest statement made by the defendant during which he acknowledged ownership of the target accounts and admitted to using those accounts to distribute and sell child pornography.

**B.**    **Maximum Penalties**

If convicted of the charged offenses, the defendant faces a mandatory minimum sentence of five years and a maximum sentence of 20 years' imprisonment on each count. His Guideline range is estimated to be 188 to 235 months' incarceration.

**C.**    **Criminal Record**

The defendant criminal record includes the following arrests and/or criminal convictions:

1. On April 17, 2017, in New Jersey, the defendant was charged with throwing bodily fluid at law enforcement, resisting arrest, and contempt of court. On February 21, 2018, the defendant was found guilty of hindering apprehension of prosecution by suppressing by way of concealment or destruction evidence, and sentenced to pay a fine of $735.

2. On September 5, 2017, in New Jersey, the defendant was charged with

aggravated assault on law enforcement and disorderly conduct.  On March 9, 2018, the defendant was sentenced for the crime of throwing bodily fluid at law enforcement to two years' probation and given credit for two days' incarceration.

        3.     On June 12, 2017, in New Jersey, the defendant was charged with simple assault.  The matter appears to have been dismissed.

        4.     On June 16, 2017, in New Jersey, the defendant was charged with possession of a controlled substance.  On January 17, 2018, he was found guilty of violating a local ordinance and sentenced to pay a fine of $530.

        **D.**     **Lack Of Community Ties/Employment**

        1.     The defendant is unemployed.  Based on the investigation, his only source of income came from selling child pornography over the internet.  The defendant was using his neighbor's internet connection to commit the federal offenses.

        2.     The defendant has no stable residence.  His landlord reported that the defendant had failed to pay rent for the last three months and the landlord intended to evict the defendant.

**II.**     **CONCLUSION**

        When all these factors are viewed in light of the substantial sentence defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.  Consistent with the statutory presumption in favor of detention, the defendant should remain detained pending his removal .

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

    Respectfully submitted,

    JENNIFER ARBITTIER WILLIAMS
    United States Attorney


    s/ Priya T. De Souza
    PRIYA T. DE SOUZA
    Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NOs. 22-MJ-552 EDPA; 22-MJ-46 D-NH |
| MICHAEL WILCOX | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this _____ day of _____, 2022, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because there are no condition or combinations of conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community, and the defendant has not overcome the statutory presumption of detention under Title 18, United States Code, Section 3142(e)(3)(E) for the following reasons:

1. There is probable cause to believe that the defendant has violated 18 U.S.C. §§ 2252A(a)(1), 2252A(a)(2), and 2.

2. The evidence in this case is strong. As described in the affidavit in support of the complaint, electronic evidence shows how the defendant sold child pornography to an undercover officer and described his intent to sexually abuse and exploit children. The defendant also provided a voluntary confession to the criminal conduct upon his arrest.

3. If convicted of the charged offenses, the defendant faces a mandatory minimum sentence of 5 years and a maximum sentence of 20 years' imprisonment on each count. His sentencing guideline range is estimated to be 188-235 months' incarceration.

4. The defendant has a criminal history including a prior criminal conviction.

5. The defendant has a lack of community ties and employment. He has no stable residence and can provide to assurance to the Court that he will appear in New Hampshire on his own accord.

6. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person

1. There is probable cause to believe that the defendant has violated 18 U.S.C. §§ 2252A(a)(1), 2252A(a)(2), and 2.

2. The evidence in this case is strong. As described in the affidavit in support of the complaint, electronic evidence shows how the defendant sold child pornography to an undercover officer and described his intent to sexually abuse and exploit children. The defendant also provided a voluntary confession to the criminal conduct upon his arrest.

3. If convicted of the charged offenses, the defendant faces a mandatory minimum sentence of 5 years and a maximum sentence of 20 years' imprisonment on each count. His sentencing guideline range is estimated to be 188-235 months' incarceration.

4. The defendant has a criminal history including a prior criminal conviction.

5. The defendant has a lack of community ties and employment. He has no stable residence and can provide to assurance to the Court that he will appear in New Hampshire on his own accord.

6. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person

1. There is probable cause to believe that the defendant has violated 18 U.S.C. §§ 2252A(a)(1), 2252A(a)(2), and 2.

2. The evidence in this case is strong. As described in the affidavit in support of the complaint, electronic evidence shows how the defendant sold child pornography to an undercover officer and described his intent to sexually abuse and exploit children. The defendant also provided a voluntary confession to the criminal conduct upon his arrest.

3. If convicted of the charged offenses, the defendant faces a mandatory minimum sentence of 5 years and a maximum sentence of 20 years' imprisonment on each count. His sentencing guideline range is estimated to be 188-235 months' incarceration.

4. The defendant has a criminal history including a prior criminal conviction.

5. The defendant has a lack of community ties and employment. He has no stable residence and can provide to assurance to the Court that he will appear in New Hampshire on his own accord.

6. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person

in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
**HONORABLE CAROL SANDRA MOORE WELLS**
**United States Magistrate Judge**

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by electronic mail on the following defense counsel:

Andrew Moon
Duty Assistant Federal Defender
Federal Defenders Association
Philadelphia, Pennsylvania


s/ Priya T. De Souza
PRIYA T. DE SOUZA
Assistant United States Attorney


Date:   April 4, 2022

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | MAGISTRATE NO. |
| | : | |
| vs. | : | |
| | : | |
| MICHAEL WILCOX | : | 22-M-552 |

## FINDINGS AND ORDER OF REMOVAL

AND NOW, this 8th day of April 2022, upon application of the United States, the defendant having waived a hearing thereon, it is hereby,

### ORDERED

that the defendant, **MICHAEL WILCOX** in the above-captioned case be removed to the District of New Hampshire, and the Clerk of the Court transmit the original record to said District.

BY THE COURT

*/s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE

Copied: 4-8-22
P. DeSouza, AUSA
K. Gaughan, Defender
U.S. Marshal
U.S. Pretrial Services

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# BAIL STATUS AND ORDER

_____ INTERPRETER NEEDED : DATE: April 1, 2022

: HEARING TYPE: IA Removal

Date of Arrest: 3/31/22
Trial Date: none : ESR: Inna Goldshteyn

UNITED STATES OF AMERICA : AUSA: Priya DeSouza

v. : NO. 22mj552

MICHAEL WILCOX : Maranna Meehan
[] CJA Appointed
: [] Retained
[X] Defenders' Assn. Apptd.

After a hearing held this day pursuant to the Federal Rules of Criminal Procedure, or after a hearing pursuant to government's motion, the bail status as to the above-named defendant is as follows:

**[X] The Government's Motion for Temporary Detention is Granted. A detention, identity, status of counsel and probable cause hearing are scheduled for Tuesday, April 5, 2022 before Judge Wells.**

[] The Defendant stipulated to identity and probable cause.

[] The Government's Motion for Pretrial Detention is Granted. The Defendant is detained pending further proceedings.

[] The Government's Motion for Pretrial Detention is Denied. See attached Conditions of Release Order.

[] The Government and Defense have agreed to conditions of release. See attached Conditions of Release Order.

[] Probable Cause for the violation of supervised release found, Defendant detained (released on conditions as outlined in the "Conditions of Release Order") pending final VOP hearing before _____.

[] Colloquy on defendant's financial qualifications for court-appointed counsel

**[]** Other –

[] After a hearing probable cause was found by the Court.

[] Plea: Not Guilty to All Count(s). Counsel have 14 days to file pretrial motions.

**[X]** The United States is obligated, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and subsequent cases, to timely disclose information favorable to the defense as to criminal liability on the charged offense(s) or mitigation of any punishment that may be imposed. Such favorable information includes information that may cast doubt on the credibility of government witnesses. Possible consequences for violating this order include exclusion of evidence, dismissal of charges, contempt proceedings, disciplinary referral, and any other relief authorized by law.

BY: */s/ David R. Strawbridge, USMJ*
DAVID R. STAWBRIDGE, J.
UNITED STATES MAGISTRATE JUDGE

**TIME IN COURT  5  MINUTES**
*(Form Revised June 2021)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# BAIL STATUS AND ORDER

| | | |
|---|---|---|
| \_\_ INTERPRETER NEEDED | : | DATE: April 5, 2022 |
| | : | **REMOVAL** - Dist. of New Hampshire |
| | : | COURT REPORTER: I. Goldshteyn |
| UNITED STATES OF AMERICA | : | AUSA: Priya DeSouza |
| v. | : | Mag. No: 22m552 |
| | : | Mark Wilson |
| MICHAEL WILCOX | | [] CJA Appointed |
| | : | [] Retained |
| | | [**X**] Defenders' Assn. Apptd. |

After hearing held this day pursuant to the Federal Rules of Criminal Procedure, or after hearing pursuant to government's motion, the bail status as to the above-named defendant is as follows:

    [] The Government's Motion for Temporary Detention is Granted. An arraignment and pretrial detention hearing are scheduled for

    [] The Defendant stipulated to pretrial detention.

    [] The Government's Motion for Pretrial Detention is Granted. The Defendant is detained pending further proceedings**.**

    [] The Government's Motion for Pretrial Detention is Denied. See attached Conditions of Release Order.

    [] The Government and Defense have agreed to conditions of release. See attached Conditions of Release Order. A probable cause hearing

    [**X**] Other – Defense stipulates to identity and probable cause. Detention hearing scheduled for April 8, 2022.

*[] AFTER A HEARING, PROBABLE CAUSE WAS FOUND BY THE COURT.*
[] PLEA: NOT GUILTY TO ALL COUNT(S). Counsel has 14 days to file pretrial motions.

**[] The United States is obligated, pursuant to** *Brady v. Maryland***, 373 U.S. 83 (1963),** *Giglio v. United States***, 405 U.S. 150 (1972), and subsequent cases, to timely disclose information favorable to the defense as to criminal liability on the charged offense(s) or mitigation of any punishment that may be imposed. Such favorable information includes information that may cast doubt on the credibility of government witnesses. Possible consequences for violating this order include exclusion of evidence, dismissal of charges, contempt proceedings, disciplinary referral, and any other relief authorized by law.**

                                                   *BY:*

                                               */s/ Carol Sandra Moore Wells*
                                             *CAROL SANDRA MOORE WELLS*
                                             *UNITED STATES MAGISTRATE JUDGE*

***TIME IN COURT 10 MINUTES***
*(Form Revised March 2021)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# BAIL STATUS AND ORDER

| | | |
|---|---|---|
| __ INTERPRETER NEEDED | : | DATE: April 8, 2022 |
| | : | **REMOVAL – Dist. of New Hampshire** |
| | : | COURT REPORTER: I. Goldshteyn |
| UNITED STATES OF AMERICA | : | AUSA: Priya DeSouza |
| v. | : | Mag. No: 22m552 |
| | : | Kathleen Gaughan |
| MICHAEL WILCOX | | [] CJA Appointed |
| | : | [] Retained |
| | | [**X**] Defenders' Assn. Apptd. |

After hearing held this day pursuant to the Federal Rules of Criminal Procedure, or after hearing pursuant to government's motion, the bail status as to the above-named defendant is as follows:

[] The Government's Motion for Temporary Detention is Granted.

[] The Defendant stipulated to probable cause and detention.

[] The Government's Motion for Pretrial Detention is Granted. The Defendant is detained pending further proceedings**.**

[] The Government's Motion for Pretrial Detention is Denied. See attached Conditions of Release Order.

[] The Government and Defense have agreed to conditions of release. See attached Conditions of Release Order. A probable cause hearing

[**X**] Other – Defense stipulates to detention pending removal to the District of New Hampshire.

*[] AFTER A HEARING, PROBABLE CAUSE WAS FOUND BY THE COURT.*
[] PLEA: NOT GUILTY TO ALL COUNT(S). Counsel has 14 days to file pretrial motions.

[] **The United States is obligated, pursuant to** *Brady v. Maryland*, **373 U.S. 83 (1963),** *Giglio v. United States*, **405 U.S. 150 (1972), and subsequent cases, to timely disclose information favorable to the defense as to criminal liability on the charged offense(s) or mitigation of any punishment that may be imposed. Such favorable information includes information that may cast doubt on the credibility of government witnesses. Possible consequences for violating this order include exclusion of evidence, dismissal of charges, contempt proceedings, disciplinary referral, and any other relief authorized by law.**

*BY:*

*/s/ Carol Sandra Moore Wells*
*CAROL SANDRA MOORE WELLS*
*UNITED STATES MAGISTRATE JUDGE*

*TIME IN COURT  6 MINUTES*
*(Form Revised March 2021)*